**Bradish-Klein v. Kennedy**

C.P. of Beaver County, no. 11548 of 2009.

*Bruce H. Gelman,* for plaintiffs.
*Daniel L. Rivetti,* for defendant Kennedy
*Kathleen Segmiller,* for defendant State Farm.

KWIDIS, *J.,* December 3, 2009 —Before this court is the plaintiffs' motion for leave to file an amended complaint, pursuant to Pa.R.C.P. 1033, to add State Farm Insurance Company as an original defendant seeking underinsurance benefits.

The underlying personal injury case arises out of a collision which occurred on August 31, 2007, on Freedom Crider Road, when the vehicle operated by the initial defendant, Donald Kennedy, struck the rear of the vehicle operated by the plaintiff, Janet Bradish-Klein.

State Farm Insurance Company provides liability coverage to the defendant, Donald Kennedy, and UIM coverage to the plaintiff, Janet Bradish-Klein.

State Farm Insurance Company opposes the plaintiff's motion to amend the complaint on the ground that ". . . Kennedy will be extremely prejudice(d) in this case if the Kleins' are allowed to join their UIM carrier on a breach of contract claim in this action."

Counsel for State Farm Insurance Company is aware of this court's decision in *Six v. Phillips and Nationwide Mutual Insurance Co.,* C.P. Beaver County, no. 12227 of 2000 (C.C.P. June 30, 2009), and requests that this court revisit the issue based on the position taken in Butler County severing the UIM case from the third-party case. *Weichey v. Martin,* no. 09-10116, C.P. Butler (June 11, 2009); *Baptiste v. Strobel,* no. 09-11444, C.P. Butler (Nov. 5, 2009).

In *Six v. Phillips and Nationwide Mutual Insurance Co., supra,* the preliminary objection by the third-party to the joinder of the UIM was denied. The liability carrier for a driver who was sued for negligence in connection with plaintiff's car accident was not entitled to a severance of the claims against the driver from a UIM claim the plaintiff had also asserted against her own insurer.

Plaintiff, Six, and defendant, Phillips, were in an automobile accident. Six filed suit against Phillips, alleging that he failed to stop at a stop sign. She also filed a claim against Nationwide, her own insurer, seeking UIM coverage. The Nationwide policy did not allow for arbitration

of her claim under the circumstances. Defendant's insurer, Erie Insurance Group, filed preliminary objections contending that combining the UIM claim with the claim against Phillips was prejudicial against its insured because evidence of the amount of his insurance was inadmissible in the case against Phillips under Pa. R.E. 411, yet evidence of his insurance would be needed to try the UIM claim.

In denying the preliminary objection, this court held that Erie Insurance and Nationwide have both agreed to their policies to resolve a UIM claim by way of a lawsuit that is filed and tried in the court of common pleas under *Koken*. Erie Insurance should have known and anticipated that the third-party's insurance policy would be relevant to Nationwide's UIM liability. Noting that the third-party's insurance policy was relevant to the question of Nationwide's UIM liability, this court concluded that the defendant driver and Erie were not entitled to have the UIM case severed.

This court relied upon Pa.R.C.P. 2229 (b), which states that it is permissible to join actions involving the same transaction or occurrence and the same factual questions of liability and damages. In this case, the court found that the third-party and underinsured motorist claim arose out of the same occurrence, which was the motor vehicle accident, and involved the same factual questions of liability and damages.

This court also found that Pa.R.E. 411 prohibits evidence that a party was or was not insured, when the purpose or effect would be to influence the findings regarding liability or damages. However, citing *Common-*

*wealth, Department of General Services v. United States Mineral Products Company,* 809 A.2d 1000 (Pa. Commw. 2002), the court said that when evidence of insurance is relevant as to other issues in the case it will not be barred merely because it might be prejudicial.

See also, *Serulneck v. Kilian and Allstate,* C.P. Lehigh County, no. 2008 Civil 2859 (C.C.P. 2009) (motion of tortfeasor defendant for severance of claims against him from UIM claims under one captione denied); *Glushefski v. Sadowski and Erie Insurance Exchange,* C.P. Luzerne County, no. 1189-Civil-2009 (C.C.P. 2009) (preliminary objection by defendant tort-feasor seeking to sever third-party claim from consolidated UIM claim overruled); *Augustine v. Erie Insurance Exchange,* C.P. Lackawanna County, no. 2006 Civil 416 (C.C.P. 2008) (motion to sever bad faith claim from UIM claim denied); *Collins v. Zeiler and State Farm,* C.P. Allegheny County, no. GD 08-Civil-014817 (C.C.P. 2008) (preliminary objection seeking to sever claims denied); *Decker v. Nationwide Insurance Co.,* C.P. Lackawanna County, no. 2005-Civil 1863 (C.C.P. 2008) (consolidation permitted of bad-faith action against UIM carrier and declaratory judgment action regarding coverage).

Based on the foregoing, this court enters the following order.

## ORDER

And now, December 3, 2009, it is hereby ordered and directed that the motion to amend complaint filed by the plaintiffs, Janet Bradish-Klein and Arthur Klein, is granted.