**Matthew RICHNER,**

v.

**Jason McCANCE, an individual, Michaelle Fleming, f/k/a Michaelle A. Matuke, i/t/d/b/a Your Husband's Helper, Frank Matuke, i/t/d/b/a Your Husband's Helper, and Erie Insurance Group.**

**Appeal of Erie Insurance Exchange.**

Superior Court of Pennsylvania.

Argued July 27, 2010.

Filed Jan. 6, 2011.

Phillip R. Earnest, Pittsburgh, for appellant.

Frank M. Gianola, Pittsburgh, for Fleming, appellee.

Warren D. Ferry, Butler, for Richner, appellee.

BEFORE: STEVENS, DONOHUE and OTT, JJ.

OPINION BY DONOHUE, J.:

Appellant, Erie Insurance Exchange ("Erie"), appeals from the trial court's order entered October 30, 2009 overruling preliminary objections. In its preliminary objections, Erie contended that the second count of Appellee Matthew Richner's ("Richner") amended complaint should have been dismissed on two grounds: (1) the doctrine of *lis pendens,* given the pendency of a prior-filed action in Butler County, and (2) the two causes of action in Richner's amended complaint, namely a third party motor vehicle accident claim and an action seeking a declaration on the availability of coverage for underinsured motorist benefits in an insurance policy, were misjoined in a single complaint, as they did not arise from the same transactions or occurrences and did not involve common questions of law or fact. For the reasons that follow, we reverse the trial

court's order and remand the case for proceedings consistent with this opinion.

On February 6, 2009, Richner filed a Complaint in the Court of Common Pleas of Allegheny County (the "Allegheny County Action"). In the Complaint, Richner alleged that he suffered serious injuries in a March 2007 automobile accident while operating an automobile owned by his employer. Complaint, 2/6/09, ¶¶ 14–16, 23. Richner alleged that the accident resulted from the negligence of the other driver, Jason McCance ("McCance"), who was likewise operating an automobile owned by his employer within the scope of his employment. Id. at ¶¶ 8–11. The first count of Richner's Complaint asserted a claim in tort against McCance and his employers (Michaelle and Frank Matuke, collectively "the Matukes"). Id. at ¶¶ 7–18.

In the second count of the Complaint, Richner alleged that the insurance coverage maintained on the vehicle operated by McCance lacked sufficient insurance coverage to compensate him for his injuries, id. at ¶ 27, and that the insurance coverage on the vehicle he was driving (owned by his employer) did not provide for underinsured motorist benefits. Id. at ¶ 23. As a result, in the second count of the Complaint, Richner asserted a claim for underinsured motor vehicle (UIM) benefits against Erie on a family policy purchased by his parents. Id. at ¶¶ 19–28. As a resident of his parent's household, Richner alleged that he qualified as an insured under his parent's policy with Erie. Id. at ¶ 21.

On June 12, 2009, Erie filed preliminary objections to Richner's Complaint, asserting, inter alia, that under the terms of the applicable insurance policy, claims for UIM benefits could not be asserted in a court of common pleas. Preliminary Objections Raising Questions of Fact, 12/9/09, ¶ 5. Instead, Erie contended that the policy required that disputes "regarding a right to collect underinsured motorist benefits" be resolved before an arbitration panel.[1] Id.

In addition, on June 16, 2009, Erie filed an Action in Declaratory Judgment in the Court of Common Pleas of Butler County (the "Butler County Action"), seeking a declaration that it was not liable to Richner for UIM benefits because he regularly drove his employer's automobile (and was driving said vehicle at the time of the accident). Exhibit A to Preliminary Objections to Amended Complaint, 10/9/09, ¶ 16. Erie alleged that Richner's regular use of his employer's vehicle, which was not listed as an insured vehicle on the declarations page of the Erie policy, barred the collection of UIM benefits as a result of a "regularly used, non-owned vehicle" exclusion under the policy. Id. ¶¶ 14, 16.

On July 2, 2009, pursuant to Rule 1028(c)(1) of the Pennsylvania Rules of Civil Procedure, Richner filed an Amended Complaint in the Allegheny County Action in response to Erie's preliminary objections. The Amended Complaint differed from the original by adding new paragraphs in the second count disputing Erie's allegations in the Butler County Action. Specifically, Richner alleged that Erie had filed the Butler County Action asserting the applicability of the "regularly used, non-owned vehicle" exclusion, and denied that he "regularly used" his employer's vehicle. Amended Complaint, ¶¶ 28–29. Richner also alleged that this

---

1. The Erie policy at issue here was issued prior to *Insurance Federation of Pennsylvania v. Koken*, 585 Pa. 630, 889 A.2d 550 (2005), and required the arbitration of all UIM benefit claims.

dispute over the policy's UIM benefits coverage made the Allegheny County Action against Erie "appropriate" and within the trial court's jurisdiction. *Id.* at ¶ 29.

On July 30, 2009, Erie filed Preliminary Objections to Richner's Amended Complaint in the Allegheny County Action. In these Preliminary Objections, Erie argued, *inter alia*, that the coverage dispute regarding the applicability of the policy exclusion was already pending in the Butler County Action, and thus the second count of the Amended Complaint should be dismissed on the grounds of a prior pending action pursuant to Rule 1028(a)(6) of the Pennsylvania Rules of Civil Procedure. Preliminary Objections, 7/30/09, at ¶¶ 22–24. Erie also contended that the tort action in the first count of the Amended Complaint (against McCance and the Matukes) was misjoined with the coverage dispute alleged in second count because the two claims did not arise out of the same transactions or occurrences and did not involve common questions of law or fact. *Id.* at ¶ 27 (citing Pa.R.C.P. 1028(a)(5) and 2229(b)).

On September 2, 2009, Richner filed an Answer to Erie's Preliminary Objections to the Amended Complaint. Richner admitted that the second count of his original Complaint did not allege a coverage dispute regarding the availability of UIM benefits under the Erie policy. Answer to Preliminary Objections, 9/2/09, ¶ 6. To the contrary, Richner admitted that, unlike the Amended Complaint, the second count of the original Complaint only asserted an entitlement to UIM benefits under the Erie policy, and conceded that under the policy such a claim had to be submitted to an arbitration panel. *Id.* at ¶¶ 7, 20. Richner nevertheless contended that under the rules of civil procedure he was entitled to amend his original Complaint to assert the coverage dispute. *Id.* at ¶¶ 6–7.

On October 30, 2009, the trial court overruled Erie's Preliminary Objections in the Allegheny County Action and set forth its reasons for doing so in a written opinion dated February 17, 2010. In this timely appeal, Erie raises three issues for our determination:

1. Was the trial court's Order denying Erie's Preliminary Objections a collateral order from which an appeal may be taken as of right because the trial court's Order denying Erie's Preliminary Objections created a second lawsuit involving the same parties and issues as a prior action pending in another jurisdiction.

2. Did the trial court err in failing to dismiss [Richner's] action against [Erie] pursuant to the doctrine of *lis pendens* because [Richner's] action was filed after an already pending action involving the same parties and issues.

3. Did the trial court err in failing to dismiss [Richner's] action against [Erie] because [Richner] misjoined his tort action against [McCance and the Matukes] with a declaratory judgment action against his own insurer.

Appellant's Brief at 4.

For its first issue on appeal, Erie presents what appears to be an issue of first impression for this Court: namely whether an order overruling preliminary objections that assert the pendency of a prior pending action is a collateral order under Rule 313 of the Pennsylvania Rules of Appellate Procedure. Erie concedes that the trial court's October 30, 2009 order is not a final order, but rather contends that it is a collateral order appealable as of right pursuant to Rule 313(a). Rule 313(b) defines a collateral order as one that (1) is separable from and collateral to the main cause of action; (2) involves a right that is too

important to be denied review; and (3) presents a question, which is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b); *Commonwealth v. Johnson*, 550 Pa. 298, 302, 705 A.2d 830, 832 (1998); *Commonwealth v. Minich*, 4 A.3d 1063, 1067 (Pa.Super.2010).

■ With respect to the first listed requirement, an order is "separable" from the main cause of action if it is capable of review without consideration of the main issue in the case. *See, e.g., Ben v. Schwartz*, 556 Pa. 475, 481–83, 729 A.2d 547, 551 (1999). This requirement is met in this case, since we may decide the lis pendens and misjoinder procedural issues raised in Erie's Preliminary Objections without deciding the issues raised in the Amended Complaint, namely the tort claims against McCance and the Matukes and the applicability of the "regularly used, non-owned vehicle" exclusion in Erie's policy. The basic issue presented in Erie's Preliminary Objections is *where* the declaratory judgment coverage issue will be decided—in the Allegheny County Action or the Butler County Action.

■ For the second listed requirement, that the appeal involves a right that is too important to be denied review, it is not sufficient that the issue be important to the particular parties: "[r]ather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 555 Pa. 589, 598, 725 A.2d 1209, 1214 (1999); *Pennsy Supply, Inc. v. Mumma*, 921 A.2d 1184, 1194 (Pa.Super.), *appeal denied*, 594 Pa. 699, 934 A.2d 1278 (2007). This requirement is satisfied in this case because the trial court's order sanctions the continuation of substantially identical lawsuits, in separate forums, involving the same two parties, and deciding the same legal issue (*i.e.*, the applicability of the "regularly used, non-owned vehicle" exclusion in the Erie policy to Richner's use of his employer's vehicle). This circumstance presents the potential for multiple appeals and inconsistent or contradictory results, and guarantees the waste of judicial resources.[2]

---

2. In his appellate brief, Richner represents that subsequent to the filing of this appeal, the trial judge in the Butler County Action issued a stay of proceedings in that case pending final resolution of the Allegheny County Action. Appellee's Brief at 8–9. Alternatively, in its appellate brief Erie represents that while a stay has been entered in the Butler County Action, it is limited in duration to our resolution of this appeal. Appellant's Brief at 14.

No information relating to this disputed stay (including either the order itself or a copy thereof) is contained in the certified record on appeal in this case. There has been no attempt to supplement the record pursuant to Pa.R.A.P. 1926 nor has Appellee filed a motion in this Court accompanied by a certified copy of the docket and order from the Court of Common Pleas of Butler County raising the potential mootness of the *lis pendens* claim. Accordingly, we may not consider the alleged stay order in deciding this appeal. *See, e.g., Commonwealth v. Kennedy*, 868 A.2d 582, 593

(Pa.Super.2005) (holding that this Court "may not consider anything that is not part of the certified record"); Pa.R.A.P. 1921 note ("An appellate court may consider only the facts which have been duly certified in the record on appeal.") (citing *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974)). As we have recognized, "[t]his requirement is not a mere 'technicality'," as it precludes meaningful appellate review of the issues before us. *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super.2006). References in appellate briefs to missing documents do not remedy their lack of inclusion in the certified record. *Id.* at 6–7.

Finally, we may not take judicial notice of the purported stay order because neither of the parties hereto requested that the trial court take judicial notice of it. *In the Matter of J.C.*, 5 A.3d 284, 289 (Pa.Super.2010). In addition, this Court will not ordinarily take judicial notice "of records in another case, even when the case arose in the same court and the contents of the records are known to the

The avoidance of duplicative litigation and the corresponding waste of judicial resources has long been a strongly-held public policy in this Commonwealth. *See, e.g., Sew Clean Drycleaners and Launders, Inc. v. Dress for Success*, 903 A.2d 1254, 1258 (Pa.Super.2006); *Mohamed v. Com., Dept. of Transp., Bureau of Motor Vehicles*, 973 A.2d 453, 458 (Pa.Commw.), *appeal granted on other grounds*, 603 Pa. 136, 982 A.2d 1218 (2009).

■ Finally, the third listed requirement for a collateral order is that the appeal presents an issue that will be "irreparably lost" if review were postponed until after final judgment in this case. In this case, if we denied review at this time and permitted both cases to proceed apace, the parties will have irreparably dissipated their assets as a result of litigating in multiple forums. Likewise, the opportunity to prevent inconsistent results will be lost. Moreover, the duplication and waste of precious judicial resources (including at a minimum those of the two trial courts involved and, potentially, those of this Court) will have undoubtedly occurred. In the absence of review at this time, there will be an inability to protect judicial efficiency, to save the parties from duplicative litigation, and to maintain the consistency of results. *Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1272 (Pa.Super.2004).

In some cases, this Court has concluded that the third requirement for a collateral order was not satisfied merely because a party had to wait until final judgment to appeal while suffering from *potential* inefficiencies during the pendency of the case. *See, e.g., Graziani v. Randolph*, 856 A.2d 1212, 1225 (Pa.Super.2004), *appeal denied*, 583 Pa. 663, 875 A.2d 1075 (2005). Potential inefficiencies are merely the natural result of the general prohibition against immediate appeals of interlocutory orders. In most cases, whether or not a party actually suffered inefficiencies from being forced to wait to appeal can only be known based upon the outcome of the appeal. This present circumstance, in contrast, guarantees inefficiencies for the parties and a waste of judicial resources—regardless of the outcome of later appeals. As a result, the trial court's order should be reviewed immediately to avoid such consequences.

Having decided that the trial court's order in this case is an appealable collateral order, we will proceed to address Erie's substantive arguments. Erie argues that the trial court erred in refusing to dismiss the second count in Richner's Amended Complaint pursuant to the doctrine of *lis pendens* because Richner's claim was filed after Erie had already filed a declaratory judgment in Butler County involving the same parties, the same issues, and the same relief. We agree.

■ To assert successfully the defense of *lis pendens* [3], *i.e.*, the pendency of

court." *Id.* (quoting *In re Estate of Brockerman*, 332 Pa.Super. 88, 480 A.2d 1199, 1202 (1984)).

**3.** As we made clear in *Davis Cookie v. Wasley*, 389 Pa.Super. 112, 566 A.2d 870 (1989), the term *"lis pendens"* is technically historically inaccurate in this context. *Id.* at 871 n. 1. In current common practice, a demand for dismissal or other form of abatement based upon the pendency of a prior action is typically referred to as one for *lis pendens*. The phrases *lis alibi pendens* (a suit pending elsewhere) and/or *auter action pendant* (another action pending), however, are more accurate historically. In accordance with ancient usage, the term *lis pendens* (a pending action) refers to the control that courts acquire over real property involved in a pending suit, including to notify third parties that any interest that may be acquired in the *res* will be subject to the result of the pending action. The term is still so used currently. *Crystal Lake Camps v. Alford*, 923 A.2d 482, 484 (Pa.Super.2007). Finally, we also note that the term is not used in

a prior action, it must be shown that "the prior case is the same, the parties are the same, and the relief requested is the same." *See, e.g., Rostock v. Anzalone,* 904 A.2d 943, 945 (Pa.Super.2006) (citing *Procacina v. Susen,* 301 Pa.Super. 392, 447 A.2d 1023, 1025 (1982)); *Crutchfield v. Eaton Corp.,* 806 A.2d 1259, 1262 (Pa.Super.2002) (citing *Penox Technologies, Inc. v. Foster Medical Corp.,* 376 Pa.Super. 450, 546 A.2d 114, 115 (1988)). Under Pennsylvania law, the question of a pending prior action "is purely a question of law determinable from an inspection of the pleadings." *Davis Cookie,* 566 A.2d at 874 (citing *Hessenbruch v. Markle,* 194 Pa. 581, 592, 45 A. 669, 671 (1900)).

▪ Inspection of the pleadings in the case *sub judice* reveals that the trial court erred in denying Erie's Preliminary Objections to Richner's Amended Complaint based on *lis pendens.* First, we conclude that, as between the two actions, the Butler County Action was the first filed, and thus the "prior pending," action. The trial court argued that Erie's filing of the Butler County Action predated only the filing of Richner's Amended Complaint and not his original Complaint, Trial Court Opinion, 2/17/10, at 5. While this is unquestionably true, Richner's original Complaint did not request declaratory relief regarding the applicability of the "regularly used, non-owned vehicle" exclusion. Instead, as Richner admitted in his Answer to Erie's Preliminary Objections to the Amended Complaint, the second count of his original Complaint did not allege a coverage dispute regarding the availability of UIM benefits under the Erie policy. Answer to Preliminary Objections, 9/2/09, ¶ 6. To the contrary, Richner admitted that the second count of the original Complaint only asserted a claim for UIM damages under

Erie's policy which he now concedes had to be submitted to an arbitration panel. *Id.* at 7, 20. Richner's first request for declaratory relief regarding the "regularly used, non-owned vehicle" exclusion occurred in the second count of his *Amended Complaint.* Erie filed its Butler County Action before Richner filed his Amended Complaint, and therefore the Butler County Action is the "prior pending" case.

▪ Second, the parties in both cases (Richner and Erie) are the same. We disagree with the trial court's contention to the contrary, namely that their "roles are different" because Erie is a defendant in the Allegheny County Action and a plaintiff in the Butler County Action. This is a distinction without a relevant difference in this case. In some cases, the differing roles of the parties may be material. In *Davis Cookie,* for example, Wasley filed an action against Davis Cookie in Luzerne County seeking the return of its deposit under a franchise contract. *Davis Cookie,* 566 A.2d at 871. Davis Cookie answered by asserting that under the terms of the policy the deposit was not refundable. *Id.* Davis Cookie declined, however, to assert a permissive counterclaim, and instead filed a separate action in Clarion County against Wasley for breach of the contract. *Id.* Under these circumstances, this Court ruled that the two cases were not the same, in part because Davis Cookie exercised its right *as a defendant* not to assert a *permissive* counterclaim in the Luzerne County action and to file instead a separate suit for breach elsewhere. *Id.* at 875.

The present case presents no such obstacle to the application of *lis pendens,* as the distinction between being a plaintiff and a defendant is not material in either case. In *PNC Bank, National Associa-*

Pa.R.C.P. 1028(a)(6), which provides merely that any party may file preliminary objections

based upon the "pendency of a prior action." Pa.R.C.P. 1028(a)(6).

*tion v. Bluestream Technology, Inc.,* 14 A.3d 831 (Pa.Super.2010), we addressed this same issue and concluded that in the absence of a material difference in the roles of the plaintiff and defendant in the two cases, the application of *lis pendens* is unaffected:

> [O]ur Supreme Court has applied the doctrine of *lis pendens* to the situation where one party is a plaintiff in one action and a defendant in another. *See Herzog v. Witco Chemical Corp.,* 447 Pa. 202, 290 A.2d 256 (1972). Indeed, the seminal decision reached by our Supreme Court in *Hessenbruch, supra,* which defined the doctrine of *lis pendens,* provided, "Although not the same plaintiffs and defendants, the same persons are embraced in both bills. We may, therefore, with perhaps some liberality of construction, assume that the parties are the same." *Id.* at [592, 45 A. at 671]; *see also Penn Bank v. Hopkins,* 111 Pa. 328, 2 A. 83, 86 (1886). Thus, we do not find the fact that Appellant is the plaintiff in its prior action and the defendant herein dispositive of the identity of party issue. Since both parties in this case are parties to the prior pending action, we conclude that Appellant has established that aspect of the doctrine of *lis pendens.*

*Id.* at 837. For the same reasons, we conclude that because Richner and Erie are parties in both the Butler County Action and the Allegheny County Action, Erie met this requirement of *lis pendens.*

■ Third, the two cases are the same because the relief requested in each is the same. The two cases raise the same issue for resolution, namely the applicability of the "regularly used, non-owned vehicle" exclusion in the Erie policy based upon the facts presented. And the parties in both cases seek the same relief, namely declaratory relief in their favor regarding the applicability (or lack thereof) of the exclusion. While it is true, strictly speaking, that the relief requested is not identical, since the parties each seek declarations in their favor, this is, again, a distinction without a difference. As we made clear in *Bluestream Technology,* complete identity of the cases is not essential. *Id.* at 837 & n. 2. Instead, for purposes of the *lis pendens* doctrine, it is sufficient that both parties seek precisely the same form of relief (a declaratory ruling from the trial court) on precisely the same issue (the applicability of the policy exclusion under the facts presented).

For these reasons, we conclude that the trial court erred in denying Erie's Preliminary Objection based upon *lis pendens.*

For its third issue on appeal, raising another issue of apparent first impression, Erie argues that the trial court erred in refusing to dismiss the second count in Richner's Amended Complaint based upon misjoinder of causes of action, to wit, a third party liability claim and a UIM coverage dispute. Rule 2229(b) of the Pennsylvania Rules of Civil Procedure provides as follows:

> (b) A plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action.

Pa.R.C.P. 2229(b).

■ Rule 2229(b) gives a plaintiff the option of joining two or more persons as defendants if (1) the liabilities of the defendants arise from a common factual background, and (2) a common question of law or fact affecting the liabilities of the defendants will arise in the action. *Meyer by*

*Meyer v. Heilman,* 503 Pa. 472, 480, 469 A.2d 1037, 1041 (1983) (citing *Burke v. North Huntingdon Twp.,* 390 Pa. 588, 136 A.2d 310 (1957)). Given these two requirements, the right to join defendants in one proceeding under Rule 2229(b) is by no means absolute. *Id.*

 With respect to the first requirement, while in an attenuated sense, Richner's tort action against McCance and the Matukes and the coverage issue with Erie both "arise" from the automobile accident between Richner and McCance, in fact Richner's dispute with Erie arises from the formation of the insurance contract between Richner's parents and Erie. More specifically, the dispute arises from interpretation of the language of the "regularly used, non-owned vehicle" exclusion clause in said contract. Richner's tort claims against McCance and the Matukes, including all questions of duty, breach of duty, causation, and damages, will be resolved through reference to what occurred during and after the automobile accident. The respective rights and obligations of Richner and Erie, in contrast, will derive entirely from the language of the UIM provisions of the Erie insurance contract.

With respect to the second requirement, no questions of law are common to both actions. The trial court found that a common nexus of fact exists between the two cases, namely Richner's use of his employer's vehicle on the day of the accident. Trial Court Opinion, 2/17/10, at 9 ("It is

highly likely that if were Erie to be dismissed as a party to the Allegheny County Action, and the issue of UIM coverage was tried separately, Erie would point to this precise accident as evidence of [Richner's] regular use of his employer's vehicle, to demonstrate that [Richner] is excluded from UIM coverage."). That Richner was operating his employer's vehicle at the time of the accident with McCance, however, is far from dispositive evidence that Richner "regularly" used the vehicle. Richner's use of his employer's vehicle on a single occasion does not demonstrate frequency or regularity of his use of the car in question.

For these reasons, we conclude that the trial court erred in ruling that Richner could join his tort claim against McCance and the Matukes with a count for declaratory judgment raising the applicability of an exclusion in the Erie policy.[4]

For the reasons stated, we reverse the trial court's order dated October 30, 2009 and remand this case to the trial court for further proceedings consistent with this opinion.

Order reversed. Jurisdiction relinquished.

4. In its analysis of Pa.R.C.P. 2229(b), the trial court erroneously applied the reasoning of various common pleas courts favoring "the tort claim and the UIM issue proceeding as one case." Trial Court Opinion, 2/17/10, at 8; *see, e.g., Bradish–Klein v. Kennedy,* 2009 WL 6919625, 13 Pa. D. & C. 5th 445 (Beaver County C.C.P., December 3, 2009) (listing cases). The case law cited by the trial court deals with the joinder of third party liability claims with plaintiffs' claims against UIM insurance carriers for benefits. In these cases, the trial courts concluded that Pa.R.C.P. 2229(b) was satisfied because the third party claims and the underinsured motorist claims arose out of the same occurrence, i.e., the motor vehicle accident, and involved the same factual questions of liability and damages. The analysis of this joinder issue is inapposite to the one we decide in this case. We emphasize that we are not here deciding the propriety of the joinder of third party liability claims with post-*Koken* UIM benefit claims.