J-S21007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COURTNEY MCGLINDEN, | |
| Appellant | No. 3240 EDA 2013 |

Appeal from the Judgment of Sentence October 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-MD-0002566-2013

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED AUGUST 21, 2015**

Courtney McGlinden appeals from the sentence of forty-five to ninety days imprisonment that the trial court imposed after finding her in contempt of court for failing to appear at a proceeding in a different criminal action number.  We reverse the judgment of sentence and remand for a new trial.

There is no complaint or information in the certified record in this action so we cannot ascertain the allegations upon which the charge at issue herein is based.  There is a trial transcript, which establishes that Appellant was found guilty of one count of contempt of court for failing to appear on three occasions at another criminal action number. Appellant was then sentenced on an offense described in the sentencing order as one arising under 42 Pa.C.S. § 4132(2), which provides that the courts in Pennsylvania have the power to impose summary judgment for contempt of courts if there

_____
* Retired Senior Judge assigned to the Superior Court.

has been "[d]isobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court."

The transcript of Appellant's truncated bench trial reveals the following. There were four other cases pending against Appellant; none of the pertinent docket numbers was outlined. Without objection, the Commonwealth informed the trial court that Appellant previously was found in contempt on three occasions due to her failure to appear at court proceedings in unspecified actions. The Commonwealth then marked "as C-1, the Quarter Sessions file, showing a FTA [failure to appear], 9/5/13, as well as prior FTAs, 3/21/13 and 3/26/13, lifted by your Honor." The Commonwealth then moved for entry of the Quarter Session file of the unidentified action into evidence, and it asked that Appellant be found in contempt.

Appellant immediately objected, stating, "Your Honor, we would object to the Quarter Sessions file. It's inadmissible hearsay, and incompetent evidence. The Commonwealth has not met its burden." N.T. Hearing, 9/12/13, at 4. The court disregarded Appellant's objection, to which the Commonwealth offered no response, and it proceeded to find Appellant in contempt. The court sentenced her to ninety days in jail and informed her that she could file a post-trial motion and then appeal to this Court.

- 2 -

Appellant did file a post-sentence motion again raising, *inter alia*, the allegation that the Quarter Session file constituted inadmissible hearsay proof. She also complained about her sentence. On October 11, 2013, the court vacated the ninety day term and re-resentenced Appellant to forty-five to ninety days in jail. It did not otherwise accord Appellant relief. This appeal followed. Appellant raises the following contentions:

1. Was not the evidence insufficient to support the trial court's finding of criminal contempt, as there was no competent, admissible evidence that appellant was in willful disregard of a court order, or that she demonstrated an intentional disobedience or neglect of a lawful process?

2. Did not the court err by allowing the Commonwealth, over objection, to read certain assertions from a computer screen purporting to have something to do with appellant, where a nexus was never proven between the assertions and appellant, and appellant was never identified as the person referred to on the computer screen and such incompetent evidence violated the rule against hearsay and Rules 803 and 901 of the Pennsylvania Rules of Evidence dealing with business records and authentication, as there was no Quarter Sessions file present or available to which the computer screen assertions purportedly referred?

3. Did not the court err by allowing the Commonwealth, over objection, to introduce into evidence appellant's purported prior failures to appear and prior contempt convictions, which were then used as the basis to support the instant contempt finding, as such incompetent evidence violated rule 404(b) of the Pennsylvania Rules of Evidence?

Appellant's brief at 3.

Appellant first maintains that there was insufficient evidence to support her conviction. She suggests that the Commonwealth never

physically possessed the Quarter Session file from the other case, which is not included in the record on appeal, and that it was reading from a computer screen at her trial. She continues that the Commonwealth's statements about the contents of that file, which merely constituted notations that she failed to appear in another action three times, were insufficient to establish a violation § 4132(2).

A person cannot be found in contempt under § 4132(2) unless the person violated a definite, clear, and specific order leaving no doubt in that person's mind about the conduct that would violate it; had notice of the order; purposefully violated the order; and acted with wrongful intent. *Commonwealth v. Kolansky*, 800 A.2d 937 (Pa.Super. 2002). If the evidence does not establish "an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven." *Id*. at 940 (citation omitted).

Appellant herein notes that the Commonwealth's recitation on the record failed to establish that she had been subpoenaed to appear on March 21, 2013, March 26, 2013, or September 5, 2013, and thus had actual notice that her appearance was mandated and violated the subpoenas. She continues that the trial court premised its finding of intentional disobedience solely upon inadmissible prior bad acts evidence consisting of the fact that she had been found in contempt on three prior occasions. She maintains

that this proof did not establish that she had notice that she had to appear at that proceeding and failed to appear purposefully and with wrongful intent.

Initially, we address the Commonwealth's position that Appellant's sufficiency issue is waived. It suggests that there was no indication at trial that the district attorney was reading from a screen and that it was incumbent upon Appellant to include the Quarter Session file, which contained the documents necessary for a contempt finding and which was marked and moved into evidence, in the record.

We are constrained to agree with this position. The Commonwealth marked and moved into evidence what it represented was the Quarter Session file in the other action. The trial transcript contains no support for Appellant's position that the district attorney was reading from a computer screen and did not physically possess the file in question. Indeed, it appears illogical for the Commonwealth to mark a computer screen and move a computer screen into evidence. Appellant did not complain at trial that the Commonwealth was merely reading from a computer screen nor did she suggest that it was not in physical possession of the file itself. She maintained the Quarter Session file was hearsay.

The Quarter Session file is missing from the certified record herein, and since it is not in our certified record, we cannot review it to determine

whether Appellant was issued subpoenas and thus was notified of her requirement to appear and disregarded the court's process. Furthermore, she did not object to the proof regarding willful misconduct consisting of the Commonwealth's representation to the trial court that Appellant had three prior contempt findings. Thus, we find that Appellant's sufficiency argument is waived. ***Commonwealth v. Spotti***, 94 A.3d 367 (Pa.Super. 2014) (where medical records were admitted into evidence to establish that victim suffered serious bodily injury for purposes of aggravated assault, the defendant's failure to include the medical records in the certified record on appeal resulted in waiver of sufficiency claim premised upon a lack of serious bodily injury to the victim); ***see generally Commonwealth v. Powell***, 956 A.2d 406, 423 (Pa. 2008) (it is the appellant's responsibility to ensure that the record contains the materials necessary to conduct appellate review; when an appellant presents a claim dependent upon examination of items not included in the record, the claim is waived).

We do, however, find merit in Appellant's second position, which is that the Quarter Session file was hearsay and that the Commonwealth failed to invoke any hearsay exception rendering it admissible.[1] In reviewing a

---

[1] Contrary to the Commonwealth's position, this averment was included in Appellant's Pa.R.A.P. 1925(b) statement. Therein, Appellant raised the issue

*(Footnote Continued Next Page)*

overruled hearsay objection, we are mindful that the "Admission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court clearly abused its discretion." *Commonwealth v. Smerconish*, 112 A.3d 1260, 1266 (Pa.Super. 2015).

Pa.R.E. 802 states, "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). A statement can be oral or written, Pa.R.E. 801(a), and a declarant is the person who made the statement. Pa.R.E. 801(b).

In this case, the contents of the Quarter Session file contained statements by people who were not testifying at trial. Those written statements were being offered for the truth of the matter asserted, that Appellant was properly notified that her presence was mandated on three occasions at this other case and that she did not appear on those dates

*(Footnote Continued)* ────────

that there was no competent admissible evidence produced in support of her conviction. Since the Quarter Session file was the evidence upon which the Commonwealth premised this conviction, the assertion in the Pa.R.A.P. 1925(b) statement encompassed the preserved hearsay objection raised at trial and in a post-trial motion as to the inadmissibility of the Quarter Session file.

- 7 -

without offering any justification. Hence, the contents of the file constituted hearsay. Appellant properly raised this objection, and the trial court abused its discretion in overruling it in that the Commonwealth did not even invoke any exception.

Appellant, on appeal, notes that the Quarter Session file could be admissible under the business record exception to the hearsay rule, which is outlined in Pa.R.E. 803, exceptions to the rule against hearsay--regardless of whether the declarant is available as a witness, thusly:

> **(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if,
>
>> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>>
>> (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>>
>> (C) making the record was a regular practice of that activity;
>>
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>>
>> (E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

Appellant continues by observing that the Commonwealth did not satisfy the mandates for application of this rule since it did not present the testimony of the custodian or another qualified witness or a certification establishing the first three elements of the exception.

The Commonwealth counters that Appellant waived this hearsay objection by not objecting to the lack of a custodian or other qualified witness. We disagree. Appellant properly objected to the admission of the Quarter Session file as hearsay. She did not have to alert the Commonwealth to which exception it could attempt to apply and then specifically challenge its failure to satisfy the elements of the exception.

The Commonwealth also maintains that the trial court could take judicial notice of contents of the Quarter Session file, and it relies upon **Commonwealth v. Byrd**, 472 A.2d 1141 (Pa.Super. 1984). However, in that case, the Quarter Sessions file was admitted into evidence without objection. As a piece of evidence properly admitted without objection, the trial court therein could, of course, rely upon the contents of the exhibit in question. However, a court may not take judicial notice of the record in another case, even if the court is familiar with its contents. **See Richner v. McCance**, 13 A.3d 950, 957 n. 2 (Pa.Super. 2011). In order to be evidence upon which the court may rely, the record of the other action must be admitted into evidence. The Commonwealth moved the Quarter

Sessions file in question into evidence, but Appellant did object based upon a valid position that the file was hearsay. Hence, those materials should not have been admitted, absent invocation and application of an appropriate exception to the hearsay rule. Appellant is entitled to a new trial.

In light of our disposition of Appellant's second contention, we do not need to reach the merits of her third position.

Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015