J-S02020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JANICE ROLNIK AND WILLIAM SYDNES, HUSBAND AND WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| ARTHUR GARNETT PROUT | : : | |
| Appellee | : | No. 1158 EDA 2021 |

Appeal from the Judgment Entered May 10, 2021
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2018-22516

BEFORE:  OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 28, 2022**

Appellants, Janice Rolnik and William Sydnes, husband and wife, appeal from the judgment entered in the Montgomery County Court of Common Pleas, in favor of Appellee, Arthur Garnett Prout, in this ejectment action seeking possession of real property following mortgage foreclosure proceedings against Appellee.  We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

### A.  The Foreclosure Action

On March 27, 2012, an action was filed in this [c]ourt against [Appellee] to foreclose on a mortgage ("the Mortgage") on his residence, located at 48 Prospect Avenue, Bryn Mawr, Pennsylvania, in Lower Merion Township ("the Mortgaged Premises" or "the Premises").  The action was docketed at No. 2012-08077 ("the Foreclosure Action.") The plaintiff was named as "U.S. Bank National Association

as Trustee for RASC 2005KS9" (hereinafter referred to as "Original Foreclosure Plaintiff"). The Complaint named the Mortgaged Premises as [Appellee's] last-known address.

On April 16, 2012, two Orders for Service with Sheriff's Returns were filed, purporting to show service of the Complaint on [Appellee]. One Order for Service directed the Sheriff to make service on [Appellee] at 46 Prospect Avenue in Bryn Mawr, presumably next door to the Mortgaged Premises at 48 Prospect Avenue. The Sheriff's Return stated the date of service as April 10, 2012; the time of service as "0735"; the person served as Lynette Sears; her relationship as "Sister"; and the place of service "As Given" (*i.e.*, at the address of 46 Prospect Avenue set forth in the Order for Service). The other Order for Service directed the Sheriff to make service on [Appellee] at 48 Prospect Avenue (the Mortgaged Premises). On this Order, the Sheriff's Return stated the same date and time of service; the same person served and her same relationship; and the place of service as 46 Prospect Avenue. Thus, the only Returns of Service filed of record show that service of process was purportedly made on [Appellee] by handing a copy to his sister at 46 Prospect Avenue.

On December 28, 2012, upon *praecipe* of the Original Foreclosure Plaintiff, a default judgment was entered against [Appellee] in the amount of $275,343.25 for failure to file an answer to the Complaint. Two *Praecipes* for Writ of Execution were subsequently filed, on May 13, 2013, and October 23, 2014, but Original Foreclosure Plaintiff did not proceed with a Sheriff's Sale on the basis of those Writs. Several motions to reassess damages were also filed and granted.

On June 30, 2016, two related (and somewhat inconsistent) *Praecipes* were filed. First, a "*Praecipe* for Voluntary Substitution of Party Plaintiff Pursuant to Pa.R.C.P. 2352" directed the Prothonotary to substitute U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-KS9 (hereinafter, "U.S. Bank, Trustee") as successor Plaintiff, on the basis of a purported assignment of the Mortgage to U.S. Bank, Trustee, recorded May 12, 2015. Second, a "*Praecipe* to

Mark Judgment to Use Plaintiff" directed the Prothonotary to mark the judgment to the use of U.S. Bank, Trustee.

A new *Praecipe* for Writ of Execution was filed on October 24, 2017. Pursuant to that Writ, a Sheriff's sale of the Mortgaged Premises was held on January 31, 2018; U.S. Bank, Trustee, was the successful bidder.

At no time during any of the proceedings in the Foreclosure Action did [Appellee] defend against the foreclosure claim, seek relief from the foreclosure judgment or the Sheriff's sale, or take any other action in the case.

**B. The Ejectment Action**

The present action was brought in this [c]ourt against [Appellee] by [Appellants], on September 20, 2018, docketed at No. 2018-22516 ("the Ejectment Action"). [Appellants'] Complaint averred that they had purchased the Premises from "U.S. Bank National Association" on August 17, 2018, following "a Sheriff's Sale as a result of a foreclosure by U.S. Bank National Association." Attached as Exhibit A to the Complaint was a copy of a Special Warranty Deed for the Premises dated August 17, 2018, with U.S. Bank, Trustee, named as Grantor and [Appellants] named as Grantee. The Complaint averred that [Appellee] had refused to enter into a lease for the Premises or to pay rent and had further refused to vacate the Premises. The Complaint sought judgment for possession and unpaid back rent.

[Appellee], acting *pro se*, filed an Answer to the Complaint, asserting that he remained the owner of the Premises. The Answer included a counterclaim against [Appellants], alleging that they had engaged in threats and harassment against him.

Pursuant to an Arbitration *Praecipe* filed by [Appellants] on January 21, 2019, an arbitration hearing was held on May 14, 2019. An Arbitration Award was entered that date in favor of [Appellee] on [Appellants'] claim. [Appellants] filed a timely Notice of Appeal from the Arbitration Award on May 16, 2019.

- 3 -

A nonjury trial was held before this [c]ourt [by videoconference] on January 6, 2021. [Appellants'] evidence established that [Appellee] had granted a Mortgage on the Mortgaged Premises to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Homecomings Financial Network, Inc. ("Homecomings"), by an instrument dated August 12, 2005; that an Assignment of Mortgage from Homecomings to U.S. Bank, Trustee, was recorded on December 3, 2013; that a separate Corporate Assignment of Mortgage (apparently as a corrective instrument) from MERS, as nominee for Homecomings, to U.S. Bank, Trustee, was recorded on May 12, 2015; that a Sheriff's Deed for the Premises, referencing the Foreclosure Action and conveying the Premises to U.S. Bank, Trustee, was executed and acknowledged on March 5, 2018, and recorded on March 19, 2018; and that U.S. Bank, Trustee, conveyed the Premises to [Appellants] by Special Warranty Deed dated August 17, 2018, and recorded on August 30, 2018. Ms. Rolnik testified that [Appellee] refused to vacate the Premises. The matter of back rent was not pursued.

On cross-examination by [Appellee], Ms. Rolnik testified that [Appellants] had a "bringdown" title search conducted before purchasing the Premises. After obtaining title to the Premises, she had the locks changed but [Appellee] then changed them again. Ms. Rolnik also testified to an altercation that occurred between her and [Appellee] outside the Premises.

[Appellee] testified on his own behalf. His testimony was rambling and difficult to follow and consisted to a large extent of lengthy readings from unidentified documents. Much of the testimony asserted that the Mortgage was fraudulent, that MERS's involvement in the mortgage process was improper, that MERS had acted unlawfully in connection with other mortgages on other properties, and that the mortgage foreclosure proceedings against him were defective.

On January 13, 2021, the [c]ourt rendered its Decision. In Findings of Fact, the Decision recited the history of the Foreclosure Action, including the entry of judgment, the Sheriff's sale, and the Sheriff's Deed to U.S. Bank, Trustee. The [c]ourt found that Ms. Rolnik had the locks changed on

the Premises without [Appellee's] consent and that this conduct caused [Appellee] some concern for his safety and the safety of his property. In Conclusions of Law, the Decision stated:

> In an action to eject an occupant from property after a mortgage foreclosure and sheriff's sale of the property, the occupant cannot collaterally attack the judgment of foreclosure or the sheriff's sale except on grounds that the judgment is "void" and not merely "voidable."

The [c]ourt noted that there were apparent "procedural irregularities" in the Foreclosure Action but that these irregularities did not render the foreclosure judgment "void" rather than "voidable" and therefore could not be raised as a defense to ejectment. The [c]ourt further held that the Sheriff's sale divested [Appellee] of any ownership interest in the Premises and that [Appellants] were thus entitled to possession. On [Appellee's] counterclaim, the [c]ourt determined that Ms. Rolnik's unauthorized changing of the locks constituted a trespass and awarded [Appellee] damages of $250.

On January 28, 2021, [Appellee] filed a document titled "Motion for Post Trial Relief 227.1." Although lengthy and prolix, the Motion included a statement that post-trial relief should be granted on grounds of "improper serving process of legal paper—Jurisdiction." [Appellants] filed a Response on February 9, 2021. On the same date, the [c]ourt entered an order referring to [Appellee's] jurisdictional objection based on improper service and directed as follows:

> [Appellants] may file a supplemental brief, limited to the following issues:
>
> (a) whether service of the Complaint on [Appellee] in the underlying mortgage foreclosure case was defective;
>
> (b) whether [Appellee] may properly raise the issue of defective service in the underlying mortgage foreclosure case as a defense to ejectment in the present case.

In a footnote, the [c]ourt elaborated on the potential defect in service as follows: "The docket in the underlying mortgage foreclosure case indicates that service of the Complaint was purportedly made on [Appellee's] sister at 46 Prospect Avenue, which does not appear to be [Appellee's] residence."

[Appellants] filed a supplemental Memorandum of Law on February 17, 2021. … [The court subsequently joined U.S. Bank, Trustee as a party defendant in this action].

\*     \*     \*

[N]o response was filed by U.S. Bank, Trustee. On May 10, 2021, the [c]ourt issued an Order that recited the lack of response, granted [Appellee's] Motion for Post Trial Relief, and entered judgment in favor of [Appellee] on [Appellants'] Complaint. In an explanatory footnote, the [c]ourt stated that [Appellee] had not been properly served with the Complaint in the Foreclosure Action, that the foreclosure judgment was therefore void, and that the ejectment claim by [Appellants], who trace their title to that foreclosure judgment, must fail. [The Order also entered judgment in favor of Appellee and against Ms. Rolnik (but not Mr. Sydnes) for $250 on his counterclaim.]

[Appellants] filed a timely Notice of Appeal from the judgment on June 2, 2021, and U.S. Bank, Trustee, filed a timely Notice of Appeal on June 9, 2021.[1] [Appellants'] Concise Statement of Errors Complained of on Appeal…was filed on June 18, 2021, and U.S. Bank, Trustee, filed a Concise Statement of Errors Complained of on Appeal…on June 30, 2021.

(Trial Court Opinion, filed September 13, 2021, at 1-10) (internal citations

_____

[1] Appellants' notice of appeal was docketed in this Court at No. 1158 EDA 2021 (the current appeal). U.S. Bank, Trustee's notice of appeal was docketed in this Court at No. 1497 EDA 2021. On October 21, 2021, U.S. Bank, Trustee filed a *praecipe* to withdraw the appeal, and this Court withdrew and discontinued the appeal that day.

and footnotes omitted).

Appellants raise the following issues for our review:

Did the trial court err in concluding that service of the complaint on [Appellee] in the underlying mortgage foreclosure case … was defective?

Did the trial court err in that [Appellee] neither [pled] pursuant to Pa.R.C.P. 1032 nor submitted any evidence at the time of trial in this matter and did not raise defective service to support his claim that he was not served or had no notice of the underlying mortgage foreclosure action?

Did the trial court err in that it failed to follow **Hollinger v. Hollinger**, 416 Pa. 473, 206 A.2d 1 (1965) and **Liquid** [**Carbonic**] **Corp. v. Cooper and Reese, Inc.**, 416 A.2d 549 (Pa.Super. 1979), in that both of those cases found that, absent fraud, a sheriff's return is conclusive and immune from attack as to the facts stated therein of which the sheriff presumably had personal knowledge?

Did the trial court err in failing to conclude that the sheriff's return of service was conclusive and immune from attack?

(Appellants' Brief at 7).

We combine Appellants' issues.[2]  Appellants argue that Appellee failed to raise an issue concerning improper service in the foreclosure action at the current ejectment trial.  Appellants insist that Appellee could not raise the

_____

[2] Notwithstanding Appellants' presentation of four issues in their statement of questions presented, Appellants' brief contains only one argument section, in violation of Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued; and shall have at head of each part—in distinctive type or in type distinctively displayed—particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent).  Nevertheless, Appellants' failure to conform to Rule 2119(a) does not impede our review, as the single argument section addresses all four issues raised in the statement of questions presented.

- 7 -

issue of defective service in the foreclosure action for the first time in post-trial motions following the ejectment trial. Appellants assert that the cases on which the trial court relied are distinguishable because the defendants in those cases raised the defects at issue at or before the time of trial.[3]

Even if Appellee is permitted to challenge service in the foreclosure action for the first time in post-trial motions in the ejectment action, Appellants contend the returns of service in the foreclosure action show service was proper. Specifically, Appellants claim the two returns of service at issue showed service at (1) 46 Prospect Avenue; and (2) "As Given." Appellants suggest the second return of service stating "As Given" means service was properly effectuated at 48 Prospect Avenue (the mortgaged

_____

[3] Appellants also maintain Pa.R.C.P. 1032 precluded Appellee from asserting improper service for the first time in post-trial motions. Rule 1032 states:

> A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.C.P. 1032(b). Nevertheless, Appellants did not cite to or rely on Rule 1032 in their memorandum in opposition to Appellee's post-trial motion, or in their Rule 1925(b) statement. Thus, Appellants cannot raise any argument concerning Rule 1032 for the first time on appeal. *See* Pa.R.A.P. 302(a) (stating issues not raised in trial court are waived and cannot be raised for first time on appeal).

premises) and accepted by Appellee's sister. Appellants conclude that "[w]ithout [Appellee] raising the issue of defective service of process in the underlying mortgage foreclosure during the ejectment action by way of pleading or presenting any evidence at trial, he has waived this as a defense in the ejectment action and the [trial c]ourt's [d]ecision should be reversed." (Appellants' Brief at 18). For the following reasons, Appellants have waived their claims.

As a preliminary matter, we recognize:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record. **Simply put, if a document is not in the certified record, the Superior Court may not consider it.**
>
> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere

"technicality" nor is this a question of whether we are empowered to complain *sua sponte* of lacunae in the record. **In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.**

\* \* \*

With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a). … **When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.**

*Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa.Super. 2006), *appeal denied*, 591 Pa. 663, 916 A.2d 632 (2007) (most internal citations omitted) (emphasis added).

Instantly, there is no transcript of the January 6, 2021 ejectment trial in the certified record. Upon informal inquiry from this Court, we discovered that Appellants did not order or pay for the trial transcript. Appellants' chief complaint on appeal is that Appellee was required to, but did not, preserve his challenge to improper service in the underlying mortgage foreclosure during or before the current ejectment action trial. In his *pro se* brief, Appellee disputes this contention, claiming that he testified about defective service at the ejectment trial. (**See** Appellee's Brief at 6, 9, 10). Although the trial court opinion suggests Appellee did not assert improper service until he filed post-

trial motions, we have no way to confirm whether Appellee raised this issue during the ejectment trial in the absence of the trial transcript. Appellants' failure to ensure that the certified record contained the relevant trial transcript constitutes waiver of Appellants' claim that Appellee did not preserve the issue of improper service.[4] *See Preston, supra*.

Additionally, the certified record does not contain the docket entries from the underlying mortgage foreclosure action or the returns of service from that action verifying service of the mortgage foreclosure complaint. The trial court explains in its opinion that it took judicial notice of the underlying mortgage foreclosure action, without objection from any party. Nevertheless, this Court may not consider documents which are not part of the certified record. *See id. See also* Pa.R.A.P. 1921, *Note* (stating: "An appellate court may consider only the facts which have been duly certified in the record on appeal"). Further, "this Court will not ordinarily take judicial notice of records in another case…" *Richner v. McCance*, 13 A.3d 950, 956 n.2 (Pa.Super. 2011). In the absence of the returns of service from the underlying mortgage

_____

[4] In some instances, remand might be appropriate if there was an error in transmitting a portion of the certified record to this Court, as "[a]n appellant should not be denied appellate review if the failure to transmit the entire record was caused by an extraordinary breakdown in the judicial process." *Preston, supra* at 8 (internal citation omitted). "However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed." *Id.* Here, it was Appellants' failure to order and pay for the trial transcript that caused the incomplete record. Thus, we decline to remand in this case.

foreclosure action included in the record before us, we cannot review Appellants' argument that the "As Given" notation on the second return of service demonstrates service was properly made at the mortgaged premises.[5] Appellants' failure to ensure that the certified record contained the docket entries and returns of service from the underlying mortgage foreclosure action similarly constitutes waiver of Appellants' alternative argument that service was not defective, even if Appellee had properly preserved his claim. **See Preston, supra**. Accordingly, Appellants' issues are waived on appeal, and we affirm.

Judgment affirmed.

Judge Olson joins this memorandum.

Judge McCaffery joins the memorandum and files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2022

---

[5] Although a public docket search of the underlying mortgage foreclosure action at No. 2012-08077 reveals two entries showing the mortgage foreclosure complaint was served on April 10, 2012 (docketed on April 16, 2012), the actual documents (presumably, the returns of service) are not viewable without payment.