J-S28007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEON JEROME MILLER | : | |
| | : | |
| Appellant | : | No. 1908 MDA 2018 |

Appeal from the PCRA Order Entered October 31, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000733-2016

BEFORE:  BOWES, J., McLAUGHLIN, J., and STRASSBURGER,* J.

MEMORANDUM BY BOWES, J.:                 **FILED: AUGUST 22, 2019**

Leon Jerome Miller appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Also before us is Thomas R. Nell, Esquire's application to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  We deny counsel's application to withdraw, vacate the order denying the petition, and remand with instructions.

Appellant is serving a sentence of forty-two to eighty-four months of incarceration, imposed after he entered a plea of *nolo contendere* to person not to possess a firearm and three counts of terroristic threats.  The factual basis for the plea was stated by the Commonwealth as follows:

> this incident took place back on May 31, 2016 at about 11:30 or so in the morning at Barts Church Road here in Adams County, Pennsylvania, in Union Township.  At that time, the Pennsylvania

_____
* Retired Senior Judge assigned to the Superior Court.

State Police [("PSP")] received a call initially from [Appellant's] father, Carroll Miller, indicating that his son Leon had threatened both he [*sic*] and his wife, Eileen Miller, and that he had gone back to his residence and he had possession of a weapon there.

[PSP] responded at around noon. At that point, Trooper Bonatesta of the [PSP] observed [Appellant] walk out on the porch of his residence, fire one shot directly into the air, [and] proceed back inside.

At some point after that, the PCO dispatch from [PSP] was able to engage [Appellant] on the telephone. It was quite a lengthy conversation, almost 20 minutes or so, where [Appellant] at least initially indicated that he was going to shoot any [PSP] Officer [who] approached, that they were going to die and that he was going to die in the long run too.

It took quite a while for that PCO to talk him down, but eventually [Appellant] did place the firearm, which he indicated on the phone he was holding in his hands, place that on the floor and came out and did surrender himself to the [PSP]. Upon their entry to the residence they found three weapons; a 12-gauge shotgun, a . . . rifle and another . . . rifle within the household.

. . . .

[O]n May 12, 1989[, Appellant] pled no contest to a possession with intent to deliver charge, which of course is a felony which would make it illegal for him to own or possess a firearm.

N.T. Plea, 1/17/17, at 12-13. Appellant indicated during the colloquy that he had not been aware that he had a conviction that prohibited him from possessing a firearm, as he believed that he "was pleading down from a felony" when he entered the 1989 *nolo contendere* pleas. ***Id***. at 10. However, Appellant's plea counsel, Kristin L. Rice, Esquire, responded by stating "in that regard, . . . he is entering a plea of *nolo contendere*, and we can address that at sentencing." ***Id***.

- 2 -

At the subsequent sentencing hearing, the following exchange took place.

> Attorney Rice: . . . So then [Appellant] and I had a lot of discussion over the last few months as to whether or not to take this to trial or proceed with the guilty plea and he eventually did make the decision to proceed with a guilty plea, but I would like the court to know, because I think [Appellant] would like the court to know, that had he gone to trial, it would have been on his knowledge of being a felon not to possess.
>
> He did have a felony conviction from, I believe, it was the '80s, might have been the early '90s, for possession with intent, but he did purchase a gun in a gun shop in 1995 and we do actually have that receipt.
>
> [Appellant]: Can I correct that? My felonies, as far as I knew, was pleaded down to misdemeanors. I seen a video of my wife yesterday, just finally got to see it, that she said that -- that I had all the felonies dropped down to a misdemeanor and I had a background check, which I was told that I was able to buy a gun.
>
> So -- so I was basically persuaded that I was legal to have a gun and that person wanted to sell it to me or sold me a gun. . . . [A]lso [I] have registered to vote. I even voted for you and so far as I know and from what I can remember, when -- back in '89 that I had all the felonies talked down to a misdemeanor. That was my understanding.
>
> [The Commonwealth]: For the record, your honor, there was a count 1 possession with intent, which would have been a felony in '89 and in addition to that, there were two pleas in '94 to simple assault and recklessly endangering both of which would have had two-year maximum sentences, which would also have made him ineligible.
>
> The Court: And that's pleading down because counts 1 and 2 were the ag assaults as felonies and the pleas were taken to simple assault and recklessly endangering.

- 3 -

> [The Commonwealth]: In effect, there are three convictions here that would have made him ineligible.
>
> [Appellant]: I don't understand why.
>
> Attorney Rice: Well, at any rate, your honor, I would like to keep going at this point, tell you that [Appellant] and I have discussed this quite exhaustively. He was considering withdrawing his plea this morning, but I think that he is deciding to go ahead with sentencing.
>
> [Appellant]: That's right.

N.T. Sentencing, 4/17/17, at 5-6 (unnecessary capitalization omitted). The trial court thereafter sentenced Appellant as indicated above. Appellant filed a post-sentence motion seeking a modified sentence, but did not therein request to withdraw his plea. Post-Sentence Motion, 4/25/17, at unnumbered 1-2. The trial court denied the motion, and Appellant filed a timely appeal.

On direct appeal, this Court affirmed Appellant's judgment of sentence and allowed appellate counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See Commonwealth v. Miller*, 185 A.3d 1095 (Pa.Super. 2018) (unpublished memorandum). This Court agreed with counsel that there was no merit to a challenge to the discretionary aspects of Appellant's sentence. *Id*. (unpublished memorandum at 5-7). However, we declined to review the second issue raised, that Appellant's plea was involuntary and unknowing based upon the ineffectiveness of Attorney Rice, as such was properly deferred to collateral review. *Id*. (unpublished memorandum at 7-8). While Appellant continued to claim that he legally possessed the firearms in question because he pled to a misdemeanor in 1989

- 4 -

and passed a background check for a weapon purchase in 1995, this Court, in an independent review of the record, found no "non-frivolous arguments available to Appellant" on the direct appeal. *Id*. (unpublished memorandum at 8). In our Supreme Court, Appellant filed a *pro se* request for an extension of time to file a petition for allowance of appeal and for appointment of counsel, and later a *pro se* petition for leave to file a petition for allowance of appeal *nunc pro tunc*. However, it does not appear that either resulted in relief.

Appellant filed a timely *pro se* PCRA petition on September 24, 2018. Therein, he claimed generally that his constitutional rights were violated, that plea counsel was ineffective, and that his plea was unlawfully induced. PCRA Petition, 9/13/18, at 2. More specifically, Appellant argued that plea counsel was ineffective in failing to file a motion to suppress. *Id*. at 3. PCRA counsel was appointed, and a conference held before the PCRA court on October 15, 2018. No transcript of the conference is contained in the certified record. The PCRA court indicates that at the conference, PCRA counsel withdrew the suppression issue, and orally amended the petition[1] to raise the claims that: (1) counsel was ineffective in failing to tell Appellant that he was prohibited from possessing a firearm, and (2) counsel was ineffective "for failing to raise

---

[1] We expressly discourage oral amendments to written petitions; particularly as it was done here, with no documentation of the oral amendment made in the record. The proper procedure would have been for counsel to have filed a written amended petition before the conference was held.

an affirmative defense under [§] 6105 of the Crimes Code which provides for 60 days to lawfully dispose of a firearm upon a conviction for an offense disqualifying [Appellant] from ownership of weapons." Notice of Intent to Dismiss, 10/10/18, at 1.

The PCRA court, determining that the issues lacked merit and that no hearing was warranted, issued notice of its intent to dismiss the petition. Counsel did not file a response. On October 31, 2018, the PCRA court entered an order denying the petition. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[2]

In this Court, in lieu of an advocate's brief, counsel filed a petition to withdraw and no-merit letter pursuant to *Turner* and *Finley*. Before we consider the merits of the issues raised on appeal, we must determine whether counsel followed the required procedure, which we have summarized as follows.

> *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

---

[2] The PCRA court filed a statement pursuant to Pa.R.A.P. 1925(a) indicating that the reasons for its decision are set forth in its Notice of Intent to Dismiss.

> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).

We are satisfied from the review of counsel's application and no-merit letter that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. Counsel has detailed his review of the case and the issues Appellant wishes to raise, and explained why those issues lack merit, albeit without citation to authority. Counsel also sent a copy to Appellant and advised him of his immediate right to proceed *pro se* or with hired counsel. Indeed, Appellant has filed a *pro se* brief concerning one of the issues addressed by counsel. Accordingly, we proceed to consider the substance of the appeal.

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is

free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Miner**, 44 A.3d 684, 688 (Pa.Super. 2012).

In his **Turner**/**Finley** letter, counsel addresses three issues. However, only one of them has been preserved[3] through its inclusion in the Rule 1925(b) statement: "Did the [PCRA] court error [*sic*] in denying [Appellant's] PCRA hearing [*sic*] without a hearing, when [Appellant] told his attorney that he was not aware that his right to bear arms had been terminated, and his attorney advised him that he should take the plea?" Rule 1925(b) Statement, 12/10/18.

In reviewing this claim of ineffective assistance of plea counsel, we note that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. **Commonwealth v. Becker**, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's

_____

[3] The claim raised in Appellant's *pro se* response concerning counsel's failure to file a suppression motion is not properly before us, as it was withdrawn in the PCRA court. In any event, it does not appear to be meritorious. Even if Appellant is correct that the firearms from his residence should have been suppressed because they were seized pursuant to an unconstitutional warrantless search, the Commonwealth nonetheless had sufficient evidence to establish that Appellant possessed a firearm on the day in question, as the PSP witnessed Appellant fire the weapon into the air. **See** N.T. Plea, 1/17/17, at 12.

- 8 -

decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. ***Id***. The failure to establish any prong is fatal to the claim. ***Id***. at 113. Further, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa.Super. 2017).

In his ***Turner***/***Finley*** letter, counsel indicates that he conducted research into the issue of whether Appellant became a person not to possess at the time of his 1989 conviction, and he determined "that a person convicted of PWID in 1989 was not to possess firearms. So your issue does NOT have merit." ***Turner***/***Finley*** letter at 3. However, from our review of the record, it is not clear that the issue is without merit.

Our legislature has determined that persons who have been convicted of certain enumerated offenses, or who meet other criteria, shall be ineligible to possess a firearm in the Commonwealth. 18 Pa.C.S. § 6105(a). The factual basis for Appellant's ineligibility offered by the Commonwealth at the time of Appellant's plea was a 1989 conviction for PWID. ***See*** N.T. Plea, 1/17/17, at 13. As the offense is a felony punishable by imprisonment of more than two years, such a conviction would disqualify Appellant from possessing a firearm. ***See*** 18 Pa.C.S. § 6105(c)(2). Misdemeanor violations of the controlled substance statute, on the other hand, do not disqualify a person. ***See id***.

As noted above, Appellant maintained throughout the proceedings that he had no felony conviction that prohibited his lawful possession of a firearm. Rather, Appellant steadfastly avowed that he had pled to misdemeanors instead of the felonies charged. *See*, *e.g.*, N.T. Sentencing, 4/17/17, at 5-6; *Miller*, *supra* (unpublished memorandum at 5 n.4).

Our review of the publicly-available docket sheets[4] for Appellant's 1989 cases reveals that, at CP-01-CR-420-1989, Appellant was charged with both PWID pursuant to 35 Pa.C.S. § 780-113(a)(30), and simple possession under 35 Pa.C.S. § 780-113(a)(16). At one point the docket suggests that Appellant entered a plea to Count I (PWID) only. However, at another it indicates that he was sentenced based upon a plea to Count II (simple possession), a misdemeanor.

At CP-01-CR-421-1989, Appellant was charged with PWID (Count I), possession of a small amount of marijuana (Count II), and possession of drug paraphernalia (Count III). The docket reflects that Counts I and II were quashed, and Appellant pled *nolo contendere* to the misdemeanor offense of possession of paraphernalia.

_____

[4] While this Court does not ordinarily take judicial notice of documents filed in other cases, *see Richner v. McCance*, 13 A.3d 950, 957 n.2 (Pa.Super. 2011), we have held that we may take judicial notice of publicly-available docket sheets. *See Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1, 15 n.10 (Pa.Super. 2007). In any event, as discussed *infra*, we do not rely upon information in the docket sheets to establish any facts in this appeal.

Hence, the materials available to us support Appellant's position that he had no felony convictions that precluded him from possessing a firearm, as he had pled to and been convicted of only misdemeanors.[5]  We acknowledge that it is possible that errors were made when the 1989 docketing statements were computerized, and that Appellant indeed was convicted of PWID in 1989. However, we cannot upon the record before us agree with counsel that there is no merit to Appellant's claim that he was not a person prohibited, and that, therefore, plea counsel's ineffectiveness induced him to enter an unknowing, unintelligent, and involuntary plea.[6]

_____

[5] Further, it does not appear that the relevant provisions of 18 Pa.C.S. § 6105 or to 35 Pa.C.S. § 780-113 have changed since Appellant's convictions.

[6] We note that, when plea counsel discussed at the sentencing hearing Appellant's belief that he did not have a disqualifying drug conviction, the Commonwealth indicated that Appellant also had "two pleas in '94 to simple assault and recklessly endangering, both of which would have two-year maximum sentences, which would have also made him ineligible."  N.T. Sentencing, 4/17/17, at 6.  While neither simple assault under 18 Pa.C.S. § 2701, nor reckless endangerment under 18 Pa.C.S. § 2705, is an enumerated offense in § 6105(b), the docket for case CP-01-CR-75-1995 does indicate the following irreconcilable facts: (1) that Appellant pled guilty **only** to reckless endangerment and (2) that he was sentenced on counts of reckless endangerment and aggravated assault.

Further, while there are indications in the record that Appellant had previously been committed to a mental institution, *see* N.T. Sentencing, 4/17/17, at 4, and a person involuntarily committed to a mental institution is disqualified in some circumstances under 18 Pa.C.S. § 6105(c)(4), the record before us does not clearly establish that Appellant was ineligible under that provision.

Certainly, these facts may be developed upon remand to the extent that they impact the issues of counsel's reasonable basis or Appellant's prejudice.

- 11 -

Under the circumstances, we deem that the best course of action is to deny counsel's petition to withdraw, vacate the order denying Appellant's PCRA petition, and remand for either (1) counsel to file a written amended PCRA petition raising this issue and for the PCRA court to hold a hearing on the claim, or (2) counsel to file a motion to withdraw and a ***Turner***/***Finley*** letter in the PCRA court detailing why there is no merit to the claim that Appellant's plea was involuntary, induced by the ineffectiveness of plea counsel.   In either event, the record should be supplemented to clarify Appellant's prior convictions.  We further instruct that counsel must file either the amended petition or the ***Turner***/***Finley*** letter within thirty days of the date of this memorandum.

Petition to Withdraw of Thomas Nell, Esquire denied.  Order vacated. Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2019