J-A14015-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| ADDISON TERRACE PHASE 4, L.P. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK A. HUNTER | : | |
| Appellant | : | |
| | : | |
| MARK HUNTER | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KBK ENTERPRISES | : | No. 1430 WDA 2019 |

Appeal from the Order Entered August 29, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 19-004265
GD 19-005486

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED OCTOBER 23, 2020

Appellant, Mark A. Hunter, appeals pro se from the August 29, 2019 order granting the Motion to Enforce Settlement Agreement filed by Appellee, Addison Terrace Phase 4, L.P.[1]  After review, we quash the appeal.

_____

[1] The caption in this case has been corrected to reflect that Appellant's appeal was from two dockets, GD-19-005486 and GD-19-004265.

The trial court set forth the following:

This action arose due to [Appellant's] incursion onto neighboring property, owned by [Appellee]. [Appellant's] property was immediately adjacent to [Appellee's] property, upon which the construction of a housing development was taking place. Appellant had allegedly placed old vehicles upon [Appellee's] property and taken measures to delay the construction. Therefore, [Appellee] filed a Motion for Preliminary Injunction in April, 2019.

Argument of [Appellee's] said Motion was held on April 15, 2019, before the Honorable Patrick M. Connelly. [Appellant] was represented by Daniel Stoner and Vincent Roskovensky represented [Appellee]. A transcript of the proceeding was made. No determination regarding the granting of the Motion was made on that date and the Argument was to continue at 11:00 a.m., the next day.

The docket indicates that on April 17, 2019, the Judge entered an Order by which [Appellee] withdrew its Motion. Filings demonstrate that while [Appellee] believed that the parties had reached an Agreement to purchase [Appellant's] property, [Appellant] refused to sign an Agreement because he did not want to pay the real estate transfer tax. His counsel, Daniel Stoner, withdrew his appearance on [Appellant's] behalf.

On August 29, 2019, this [c]ourt was hearing general Motions. It was presented by [Appellee] with a Petition to Enforce Settlement Agreement. [Appellant] did not appear and filed no written response to said Petition. Therefore, this [c]ourt granted Appellee's Petition to Enforce on that date.

Memorandum in Lieu of Opinion, 11/15/19, at 1-2.

By way of further background, Appellee's initial action was filed at trial docket number GD-19-005486 ("No. 5486"). In March of 2019, Appellant filed a complaint against KBK Enterprises ("KBK"), the general partner of Appellee, seeking various forms of injunctive relief against KBK at trial court docket number GD-19-004265 ("No. 4265"). It appears no action was taken

regarding Appellant's complaint until the trial court filed its August 29, 2019 order granting Appellee's motion to enforce settlement. In addition to granting enforcement of the settlement agreement and setting forth the procedure by which enforcement would be effectuated, the August 29, 2019 order also discontinued, with prejudice, the litigation Appellant filed against KBK at No. 4265. Order, 8/29/19, at 11, ¶ 5. The certified record before us demonstrates that the caption of the August 29, 2019 order from which Appellant purports to appeal lists both No. 4265 and No. 5486.

Before we reach the merits of Appellant's appeal, we must determine whether the notice of appeal filed by Appellant satisfies the dictates of Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each lower court docket). In Walker, our Supreme Court held that "in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." Walker, 185 A.3d at 977.

On September 13, 2019, Appellant filed a single notice of appeal. The notice is comprised of a cover sheet and a notice of appeal. The cover sheet lists No. 5486, and the notice of appeal lists No. 4265. Appellant also attached a copy of the August 29, 2019 order from which he wishes to appeal, which adds to the confusion surrounding his notice. Although the substance of the order attached to Appellant's notice of appeal appears to be a photocopy of the August 29, 2019 order, there is one significant discrepancy between that

order and the August 29, 2019 order contained in the certified record on appeal: The order attached to Appellant's notice of appeal lists only No. 5486, yet the order contained in the certified record lists both No. 5486 and No. 4265. Although we will not venture to guess why the order attached to Appellant's notice of appeal does not match the August 29, 2019 order contained in the certified record with respect to the docket numbers listed in the caption, suffice it so say that we may only consider the certified record before us. Richner v. McCance, 13 A.3d 950, 957 n. 2 (Pa. Super. 2011). Appellant's notice of appeal documents are inconsistent with the mandate of Walker. Consequently, we quash this appeal for noncompliance with Walker.

We further note that Appellant purports to raise a sufficiency-of-the-evidence challenge in his brief. Specifically, Appellant avers that the evidence was not sufficient to support the trial court's order enforcing the settlement agreement. Appellant did not raise this issue in his court-ordered Pa.R.A.P. 1925(b) statement.[2] Concise Matter of Statement, 9/19/19. Therefore, even if we did not quash this appeal due to Appellant's Walker violation, Appellant would have waived this issue for failure to raise it in his Rule 1925(b) statement. Greater Erie Indus. Development Corp. v. Presque Isle

_____

[2] On September 19, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one days of the date of the order pursuant to Pa.R.A.P. 1925. Order, 9/19/19. Appellant filed a statement that same day, but the statement did not identify any errors on the part of the trial court and instead contains facts and legal arguments regarding the allegedly illegal and fraudulent conduct of Appellee relating to the settlement agreement. Concise Matter of Statement, 9/19/19.

- 4 -

Downs, 88 A.3d 222, 224 (Pa. Super. 2014) ("Our Supreme Court intended the holding in [Commonwealth v. Lord, 719 A.2d 306 (Pa. 1998)] to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.'")(emphasis in original).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2020